UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) FREILY CABRAL,<br>(2) LAWRENCE ALEXANDER,<br>(3) DUMARI SCARLETT-DIXON,<br>(4) TREVON BELL, and<br>(5) DANE MITCHELL, a/k/a "Cheaney,"<br><br>Defendants | Criminal No. 22cr10016<br><br>Violations:<br><br>Counts One, Two, and Eight: Felon in Possession of Firearm and Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br>Count Three: Possession with Intent to Distribute Marijuana; Aiding and Abetting<br>(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)<br><br>Counts Four, Five, and Ten: Possession of a Firearm in Furtherance of a Drug Trafficking Offense<br>(18 U.S.C. § 924(c)(1)(A))<br><br>Count Six: Unlawful User of a Controlled Substance in Possession of Firearm and Ammunition<br>(18 U.S.C. § 922(g)(3))<br><br>Count Seven: Felon in Possession of Firearm<br>(18 U.S.C. § 922(g)(1))<br><br>Count Nine: Possession with Intent to Distribute Cocaine<br>(21 U.S.C. § 841(a)(1))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

INDICTMENT

<u>COUNT ONE</u>
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury charges:

On or about September 9, 2021, in Quincy, in the District of Massachusetts, the defendant,

(1) FREILY CABRAL,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is, a Taurus Model 85 .38 caliber revolver bearing serial number LC39873 containing five rounds of .38 caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT TWO</u>
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about September 9, 2021, in Quincy, in the District of Massachusetts, the defendant,

(1) FREILY CABRAL,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is, a Hopkins and Allen Model XL .32 caliber revolver bearing serial number 8140 and five rounds of .38 caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT THREE</u>
Possession with Intent to Distribute Marijuana; Aiding and Abetting
(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about September 9, 2021, in Quincy, in the District of Massachusetts, the defendants,

> (1) FREILY CABRAL and
> (2) LAWRENCE ALEXANDER,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT FOUR</u>
Possession of a Firearm in Furtherance of a Drug Trafficking Offense
(18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about September 9, 2021, in Quincy, in the District of Massachusetts, the defendant,

(1) FREILY CABRAL,

did knowingly possess a firearm, to wit: a Taurus Model 85 .38 caliber revolver bearing serial number LC39873, and a Hopkins and Allen Model XL .32 caliber revolver bearing serial number 8140, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: possession with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Three of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FIVE
Possession of a Firearm in Furtherance of a Drug Trafficking Offense
(18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about September 9, 2021, in Quincy, in the District of Massachusetts, the defendant,

(2) LAWRENCE ALEXANDER,

did knowingly possess a firearm, to wit: a Walther PPQ 9 millimeter semi-automatic pistol bearing serial number FDC9470, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: possession with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Three of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

COUNT SIX
Unlawful User of a Controlled Substance in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(3))

The Grand Jury further charges that:

On or about September 21, 2021, in Weymouth, in the District of Massachusetts,

(3) DUMARI SCARLETT-DIXON,

knowing that he was an unlawful user of marijuana, a controlled substance as defined in Title 21, United States Code, Section 802, did knowingly possess, in and affecting commerce, a firearm and ammunition, to wit: a Bersa Model Thunder 9 Ultra Compact Pro 9 millimeter semi-automatic pistol, bearing serial number D07781, 49 rounds of 9 millimeter ammunition, and 10 rounds of .380 caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(3).

## COUNT SEVEN
Felon in Possession of Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about November 24, 2021, in Lynn, in the District of Massachusetts, the defendant,

(4) TREVON BELL,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a Glock Model 43X 9 millimeter semi-automatic pistol bearing serial number BPPL107.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT EIGHT</u>
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about December 28, 2021, in Revere, in the District of Massachusetts, the defendant,

(5) DANE MITCHELL, a/k/a "Cheaney,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is, a Taurus Model PT738 TCP .380 caliber semi-automatic pistol with an obliterated serial number, containing five rounds of .380 caliber ammunition, and one round of 5.7 millimeter ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT NINE</u>
Possession with Intent to Distribute Cocaine
(21 U.S.C. § 841(a)(1))

The Grand Jury further charges:

On or about December 28, 2021, in Revere, in the District of Massachusetts, the defendant,

(5) DANE MITCHELL, a/k/a "Cheaney,"

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TEN
Possession of a Firearm in Furtherance of a Drug Trafficking Offense
(18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about December 28, 2021, in Revere, in the District of Massachusetts, the defendant,

(5) DANE MITCHELL, a/k/a "Cheaney,"

did knowingly possess a firearm, to wit: a Taurus TCP Model 738 PT .380 caliber semi-automatic pistol with an obliterated serial number, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Nine of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Section 841(a)(1), set forth in Counts Three and Nine, the defendants,

> (1) FREILY CABRAL,
> (2) LAWRENCE ALEXANDER, and
> (5) DANE MITCHELL, a/k/a "Cheaney,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 922 and 924, set forth in Counts One, Two, Four through Eight, and Ten, the defendants,

   (1) FREILY CABRAL,
   (2) LAWRENCE ALEXANDER,
   (3) DUMARI SCARLETT-DIXON,
   (4) TREVON BELL, and
   (5) DANE MITCHELL, a/k/a "Cheaney,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. a Taurus Model 85 .38 caliber revolver bearing serial number LC39873 containing five rounds of .38 caliber ammunition;

   b. a Hopkins and Allen Model XL .32 caliber revolver bearing serial number 8140 and five rounds of .38 caliber ammunition;

   c. a Walther Model PPQ 9 millimeter semi-automatic pistol bearing serial number FDC9470 containing 13 rounds of nine millimeter ammunition;

   d. a Bersa Model Thunder 9 Ultra Compact Pro 9 millimeter semi-automatic pistol, bearing serial number D07781, 49 rounds of 9 millimeter ammunition, and 10 rounds of .380 caliber ammunition;

   e. a Glock Model 43X 9 millimeter semi-automatic pistol bearing serial number BPPL107; and

   f. a Taurus TCP Model PT738 TCP .380 caliber semi-automatic pistol with an obliterated serial number, containing five rounds of .380 caliber ammunition, and one round of 5.7 millimeter ammunition.

2.     If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

*Gloria Picchi*
FOREPERSON

*Christopher Pohl*
CHRISTOPHER POHL
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: January 20, 2022
Returned into the District Court by the Grand Jurors and filed.

*Dawn M. King*   2:00pm
DEPUTY CLERK